# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| ROBERT WHITE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:21-cv-2767 |
| | ) |
| HVAF OF INDIANA, INC. | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on September 23, 2021.

## PARTIES

3. Plaintiff is an African-American male and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

5. On September 30, 2019, Plaintiff began working at HVAF of Indiana as the Community Engagement Director.

6. Plaintiff performed his job well.

7. While at HVAF, Plaintiff had an email disagreement with a fellow coworker.

8. On November 24, 2020, Plaintiff had a disagreement with the coworker again through email.

9. Plaintiff contacted his supervisor about the disagreements and she stated "what do you want me to do about it?" Another coworker went to the supervisor to ask her to intervene in the dispute with the coworker, however she still took no action.

10. Plaintiff frequently felt he was treated differently than other coworkers due to his race when it came to COVID protocols, supervision, and conflict resolution.

11. After Plaintiff complained, he was told by his supervisor that he had a "target on [his] back".

12. On November 30, 2020, Plaintiff submitted a grievance to the Defendant's President and CEO, informing him that Plaintiff believed the actions of the coworker and supervisor were creating a hostile work environment.

13. The CEO took no further action.

14. December 3, 2020, Plaintiff received a glowing review from management.

15. On December 15, 2020, Plaintiff was terminated allegedly for erratic and disruptive behavior.

16. However, Plaintiff's behavior was not erratic nor disruptive.

17. There are similarly situated Caucasian employees that have engaged in conduct of comparable seriousness, but they were not terminated.

18. Plaintiff was terminated due to his race.

19. Plaintiff was terminated due to his sex.

20. Plaintiff was terminated for engaging in protected activity.

## COUNT I

21. Plaintiff incorporates by reference paragraphs 1-20.

22. Defendant, as a result of terminating Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT II

23. Plaintiff incorporates by reference paragraphs 1-20.

24. Defendant, as a result of terminating Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

25. Plaintiff incorporates by reference paragraphs 1-20.

26. Defendant, as a result of terminating Plaintiff due to his sex, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT IV

1. Plaintiff incorporates by reference paragraphs 1-20.

2. Defendant, as a result of terminating Plaintiff due to engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT V

1. Plaintiff incorporates by reference paragraphs 1-20.

2. Defendant, as a result of terminating Plaintiff due to engaging in protected activity, violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer, 36230-29
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer, 36230-29
Attorney for Plaintiff

Sarah E. Larimer, 36230-29
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416